JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tahji Webster, et. al.

## DEFENDANTS
City of Mobile, et. al.

**(b)** County of Residence of First Listed Plaintiff **Mobile**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Mobile**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hernandez & Assoc.
1856 Airport Blvd
Mobile AL 36606 (251) 479-1477

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
Wrongful Death, Excessive Force, Monell Claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
> $5,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
02/03/2023

SIGNATURE OF ATTORNEY OF RECORD
*J. Adam Hunt*

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Tahji Webster,  Tahlik Webster, )<br>Tyhre Webster, Minor Child M.D. )<br>Estate of Treyh Webster, )<br>Estate of Georgette Sons, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br> )<br>CITY OF MOBILE, )<br> )<br>LAWRENCE BATTISTE III )<br>    In his individual capacity, )<br>and )<br> )<br>FICTITIOUS DEFENDANTS A-Z )<br>    In their individual capacities, )<br> )<br>    Defendants. )<br>——————————————— ) | **CASE NO.:**<br><br>**JURY DEMAND** |

## COMPLAINT

**COMES NOW** Tajhi Webster, by and through his attorneys James Adam Muns, ChaLea Tisdale and Christine Hernandez of the Hernandez & Associates Firm, LLC, and hereby files this complaint against Defendants City of Mobile, Chief Lawrence Battiste III, and Fictitious Defendants A-Z.

1

## NATURE OF THE CASE

This is a civil action arising from the excessive force, unlawful arrest, false imprisonment, malicious prosecution, and wrongful death of the named Plaintiffs and on behalf of the named Estates.


## PARTIES

1.  The Plaintiff, Tahji Webster, is over the age of 19 years and at all times relevant hereto has been and is a resident of Mobile County, Alabama.

2.  The Plaintiff, Tahlik Webster, is over the age of 19 years and at all times relevant hereto has been and is a resident of Mobile County, Alabama.

3.  The Plaintiff, Tyhre Webster, is over the age of 19 years and at all times relevant hereto has been and is a resident of Mobile County, Alabama.

4.  The Plaintiff, Minor Child M.D., by and through her guardian and next friend and co-plaintiff, Tahji Webster, is seventeen (17) years old and is a resident of Mobile County, Alabama.

5.  The Estate of Treyh Webster, was opened on February 3rd, 2023 in Mobile County, Alabama; and the personal representative is Tahji Webster.

6.  The Estate of Georgette Sons, was opened on February 3rd, 2023 and the personal representative is Tahji Webster.

7. The Defendants, FICTITIOUS DEFENDANTS A-Z are over the age of 19 years and at all times relevant hereto upon information and belief, have been and are residents of Alabama.  At all times relevant to the Complaint, Defendants were duly sworn and licensed police officers of the City of Mobile Police Department acting under color of law and within the scope of their employment.  They are sued in their individual capacities.

8. The Defendant, LAWRENCE BATTISTE III is over the age of 19 years and at all times relevant hereto upon information and belief, is and was a resident of Mobile County, Alabama. He is sued in his individual capacity.

9. The Defendant, CITY OF MOBILE is a municipal corporation with the right to sue and be sued.  It is responsible for the policies and procedures of the City of Mobile Police Department and the police officers it employs.

<u>JURISDICTION AND VENUE</u>

10. This Court has jurisdiction to hear the federal civil rights violations in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C. § 1367.

11. Venue is proper under 28 U.S.C. § 1391 because the acts giving rise to the lawsuit occurred in Mobile County, Alabama.

3

## FACTS SUPPORTING CLAIMS

12. On or about February 4th, 2021, FICTITIOUS DEFENDANTS A-Z executed a search warrant on 7200 Lakeview Drive East, in Mobile AL, the Plaintiffs' home.

13. FICTITIOUS DEFENDANTS A-Z entered the home before the sun came up, without knocking, identifying themselves as Police Officers, or stating the authority under which they were entering.

14. In the month preceding the execution of this warrant, the residence of Plaintiffs had been fired upon and hit with gunfire on at least two separate occasions.

15. Plaintiff TAHJI WEBSTER was sleeping on the living room couch, facing the front door of the home in the early morning hours of February 4th, 2021 with an AR-15 rifle for protection.

16. Upon entering the home, FICTITIOUS DEFENDANTS A-Z woke TAHJI WEBSTER, who pointed his weapon at the unknown and unannounced intruders.

17. Upon seeing the number of people, their dress, and blue lights reflecting off the door, TAHJI WEBSTER realized those entering the home were police.

18. Plaintiff TAHJI WEBSTER immediately lowered his weapon, and was instantly assaulted by one of the officers, FICTITIOUS DEFENDANTS A-Z,

by being punched in the face, detained on the ground with a knee pressed into his back, and subsequently arrested.

19. While on the ground with a knee in his back, TAHJI WEBSTER attempted to alert his family that the individuals entering were police by shouting "12, 12, 12!"

20. None of the residents in the home heard the warning TAHJI WEBSTER tried to give.

21. While effectuating the arrest on the same, TAHJI WEBSTER demanded to see the warrant under whose authority the search was conducted.

22. One officer among FICTITIOUS DEFENDANTS A-Z told TAHJI WEBSTER, "We don't need no search warrant!"

23. TAHJI WEBSTER continued to demand proof of the legal authority under which the Defendants were operating, to which the same officer stated, "Shut the fuck up before I beat your ass!"

24. In a room down the hall, TAHLIK WEBSTER laid over his little sister, MINOR CHILD M.D., in an effort to protect her from what he believed to be a home invasion.

25. At that time, FICTITIOUS DEFENDANTS A-Z finally and for the first time identified themselves as Mobile Police Department, to which TAHLIK

WEBSTER answered, "Alright! Let me put the dog up and I'm fixing to come out!"

26. It was at that point that TAHLIK WEBSTR heard gunfire erupt from the hallway, as well as two to three loud bangs, later discovered to have been "flash-bang" grenades.

27. As FICTITIOUS DEFENDANTS A-Z continued to execute the search warrant, TREYH WEBSTER had opened his bedroom door to investigate the noise.

28. Upon opening his door, FICTITIOUS DEFENDANTS A-Z began to fire their weapons at TREYH WEBSTER, striking him in the back of the leg and side of his torso, leading to his death by gunshot wounds.

29. Plaintiff TYHRE WEBSTER was still lying in bed, half asleep when the police opened fire inside his home. Police entered that room and punched TYHRE WEBSTER in the face, threw him to the ground, and one of FICTITIOUS DEFENDANTS A-Z pressed a boot on the back of his neck to hold him down.

30. Another officer of FICTITIOUS DEFENDANTS A-Z threatened TYHRE WEBSTER with more physical violence, and even threatened to release a police dog on him for his protests against the excessive force and violence against his family.

31. GEORGETTE SONS, the owner of the house and mother of the Webster children, opened her door and was immediately struck in the foot by a bullet negligently fired by one officer among FICTITIOUS DEFENDANTS A-Z. Georgette Sons was admitted to the hospital as a result of her injuries.

32. FICTITIOUS DEFENDANTS A-Z seized hard drives containing security footage of the raid. The seized hard drives with the security footage of the police officers' unlawful conduct was not listed on the search warrant in accordance with a custom or policy ratified by LAWRENCE BATTISTE III.

33. FICTITIOUS DEFENDANTS A-Z also seized the cell phones of GEORGETTE SONS while she was in the hospital as a result of being shot by Defendants, as well as seizing all cell phones of all other Plaintiffs at the time of the search or in the immediate aftermath in accordance with a custom or policy ratified by LAWRENCE BATTISTE III.

34. FICTITIOUS DEFENDANTS A-Z filed a return on the search warrant which did not include the security camera hard drives or the phones of any of the Plaintiffs.

35. FICTITIOUS DEFENDANTS A-Z completed the execution of the warrant, and placed TYHRE WEBSTER, TAHJI WEBSTER, and TAHLIK WEBSTER in handcuffs, and detained them for several hours on scene and

then transferred them to Police Headquarters. MINOR CHILD M.D. was also

detained and taken to Police Headquarters.

36. Plaintiffs TYHRE WEBSTER, TAHJI WEBSTER, and TAHLIK WEBSTER

were not free to leave while in handcuffs at MPD headquarters.

37. MINOR CHILD M.D. was taken to police headquarters where she was not

free to leave, and hidden from her family members and the family attorney.

38. Plaintiffs TAHLIK WEBSTER, TAHJI WEBSTER, TYHRE WEBSTER,

and MINOR CHILD M.D. were taken to police headquarters, and hidden from

their family attorney. An officer of FICTITIOUS DEFENDANTS A-Z told

their attorney that they were not there, and that he didn't know where they had

been taken.

39. The City of Mobile, was provided notice of pending litigation on March 12th,

2021 which is required by statute; AL Code § 11-47-23.

40. The Mobile Police Department failed to comply with the standard operating

procedures set forth and enforced by Chief LAWRENCE BATTISTE III.


## FEDERAL CAUSES OF ACTION

### COUNT 1
### FOURTH, EIGHTH, & FOURTEENTH AMENDMENT –
### WRONGFUL DEATH

41. As demonstrated by the facts set forth above, CITY OF MOBILE through FICTITIOUS DEFENDANTS A-Z wrongfully caused the death of Plaintiff TREYH WEBSTER through their negligence.

42. While Plaintiff was in his home, FICTITIOUS DEFENDANTS A-Z entered without identification or announcement of authority, and negligently used deadly force against Plaintiff TREYH WEBSTER without justification.

43. Plaintiff TREYH WEBSTER was unarmed and posed no risk to FICTITIOUS DEFENDANTS A-Z, but was nonetheless gunned down in the doorway of his bedroom before the sun rose on February 4th, 2021.

44. As indicated in the facts above, TREYH WEBSTER did not possess a weapon, nor was he attempting to gain access to a weapon. There was no reasonable probability of death or injury occurring due to failure to apprehend TREYH WEBSTER. TREYH WEBSTER had no capability to inflict death or serious injury and was not attempting to escape a violent confrontation for which he had inflicted death or serious injury, and FICTITIOUS DEFENDANTS A-Z had no probable cause to believe that any of the above mentioned conditions for use of deadly force had occurred or were about to occur, in violation of Mobile Police Department General Order 1.3.1 and 1.3.2.

45. No verbal warning was given by FICTITIOUS DEFENDANTS A-Z of their intent to use deadly force, nor were the defendants ever put into imminent danger by Plaintiff TREYH WEBSTER. The only person who possessed a gun in the home that morning was Plaintiff TAHJI WEBSTER, who had been disarmed and detained before any shots were ever fired. No other Plaintiff ever produced a weapon, possessed a weapon, or was observed near a weapon.

46. In applying the deadly force, FICTITIOUS DEFENDANTS A-Z wrongfully created a danger to third-party by-standers. These Defendants made no attempt to achieve control by use of verbal commands, electrical weapons, chemical irritants, or hand-held impact weapons, against the guidance of Mobile Police Department's Standard Operating Procedures for Use of Force. (Mobile Police Department General Order 1.3.1 and 1.3.2)

47. FICTITIOUS DEFENDANTS A-Z had an affirmative duty to abide by the laws of the State of Alabama, the United States of America, and the standard operating procedures of the Mobile Police Department as ordered and enforced by the Chief of Police.

48. FICTITIOUS DEFENDANTS A-Z breached their duty to follow the law and to not violate the clearly established rights of life and freedom from excessive force. The acts and omissions of FICTITIOUS DEFENDANTS A-

Z violated the rights of TREYH WEBSTER delineated and protected under

§ 1 of the Constitution of the State of Alabama and Amendments 4, 8, and

14 of the Constitution of the United States of America, enforceable through

42 U.S.C. § 1983.

49. The negligent acts and omissions of FICTITIOUS DEFENDANTS A-Z

were the proximate and but-for cause of the wrongful death of Plaintiff,

TREYH WEBSTER.

WHEREFORE, the Plaintiff TREYH WEBSTER seeks judgment against

Defendant police officers FICTITIOUS DEFENDANTS A-Z, jointly and severally,

in an amount of Five Million ($5,000,000) Dollars punitive damages, plus attorney

fees and costs.

## COUNT II
## FOURTH, FIFTH, & FOURTEENTH AMENDMENT – EXCESSIVE FORCE

50. As indicated in the statement of facts above, FICTITIOUS DEFENDANTS

A-Z used objectively unreasonable and excessive force when they

immediately struck Plaintiffs TAHJI WEBSTER, TYHRE WEBSTER, and

TAHLIK WEBSTER before giving any orders and while Plaintiffs were

posing no threat to officers, were not attempting to destroy any items, were

not resisting, were not fleeing, were not fighting, and were not acting

disorderly in their own residence during this action by armed, violent MPD officers.

51. Furthermore, the force used by FICTITIOUS DEFENDANTS A-Z was per se excessive and unreasonable when they negligently fired a barrage of gunfire striking unarmed Plaintiffs TREYH WEBSTER and GEORGETTE SONS, resulting in the death of the former and the serious physical injury of the latter. This level of force was not applied in a good-faith effort to maintain and restore discipline, but rather maliciously and sadistically for the very purpose of causing harm.

52. The acts of FICTITIOUS DEFENDANTS A-Z violated the rights of Plaintiffs TREYH WEBSTER, TAHLIK WEBSTER, TAHJI WEBSTER, TYHRE WEBSTER, and GEORGETTE SONS to be free from an Excessive Force in violation of the Fourth, Fifth, and Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiffs, TREYH WEBSTER, TAHLIK WEBSTER, TAHJI WEBSTER, TYHRE WEBSTER, and GEORGETTE SONS, seek judgment against FICTITIOUS DEFENDANTS A-Z and CITY OF MOBILE jointly and severally, in an amount in excess of Five Million ($5,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT III

## FOURTH AMENDMENT – UNREASONABLE SEIZURE - WRONGFUL ARREST

53. As indicated in the statement of facts herein, FICTITIOUS DEFENDANTS A-Z wrongfully detained and arrested without warrant or probable cause Plaintiffs The Estate of GEORGETTE SONS  and MINOR CHILD M.D.

54. The acts or omissions of FICTITIOUS DEFENDANTS A-Z violated Plaintiffs GEORGETTE SONS and MINOR CHILD M.D.'s rights to be free from unreasonable seizure of their person in violation of the Fourth and Fourteenth Amendments, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiffs, Estate of GEORGETTE SONS and MINOR CHILD M.D., seeks judgment against FICTITIOUS DEFENDANTS A-Z, jointly and severally, in an amount in excess of Five Million ($5,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT IV
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

55. The City of Mobile at all relevant times has maintained a policy, custom, and/or practice that has been the cause, the moving force, behind the violation of citizens' rights.  Specifically, this policy, custom and/or practice involves:

a.  The use of objectively unreasonable and excessive force on detainees and arrestees.

b.  The arrestees receiving serious injuries but the officers not being injured during such encounters.

c.  The wrongful arrest and detainment of individuals without warrants, requisite probable cause, or witnessing a crime or evidence of a crime.

d.  The City of Mobile Police Department not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all.

e.  Seizure and destruction of evidence when no basis for arrest can be found or when misconduct occurs, in order to coverup grossly negligent and/or malicious acts or omissions of offices.

56. The above-described policy, custom, and/or practice was the direct, proximate cause of each and every Defendant herein named and done at the direction and/or ratified by Chief LAWRENCE BATTISTE III, violating the Plaintiffs' Fourth, Eighth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

WHERFORE, the Plaintiffs, Estate of TREYH WEBSTER, TAHLIK WEBSTER, TAHJI WEBSTER, TYHRE WEBSTER, MINOR CHILD M.D. and Estate of GEORGETTE SONS seek judgment against the City of Mobile in an amount in excess of Five Million ($5,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## REQUESTS FOR RELIEF (FEDERAL)

For the reasons described in this Complaint, Plaintiff demands judgment against Defendants and other specific relief including:

a.  Declaratory judgment that the Defendants violated his constitutional and civil rights.

b.  An award for compensatory damages against the Defendants jointly and severally.

c.  Punitive and exemplary damages.

d.  Joint and several liability for attorneys' fees and costs of suit.

e.  All other relief to which Plaintiff is entitled.

## STATE CAUSES OF ACTION

## COUNT V
## COMMON LAW – CONVERSION

57. As is indicated elsewhere in this complaint, FICTITIOUS DEFENDANTS A-Z wrongfully seized Plaintiffs' personal property, including each Plaintiffs' cell phones (which were not included in the search warrant or listed on the search warrant return) and the hard drives containing video footage of the execution of this search warrant.

58. To date, none of Plaintiffs' phones or hard drives have been returned and no charges have been filed against any of the identified Plaintiffs.

59. FICTITIOUS DEFENDANTS A-Z had an obligation to secure Plaintiffs' personal property which duty they failed to discharge, which proximately and actually caused damage thereto, depriving and/or interfering with Plaintiffs' possession and/or enjoyment of their property.

60. The acts and omissions of FICTITIOUS DEFENDANTS A-Z were taken/occurred while employed by the City of Mobile Police Department, and the conduct asserted occurred while the Officers were on duty, executing a search warrant is considered to be within the scope of an MPD officer's employment with the City of Mobile Police Department.

61. Shooting unarmed individuals within the residence without legal provocation exceeds the scope of the MPD officers' employment; as Murder without provocation is a criminal act.

WHEREFORE, the Plaintiffs seek judgment against FICTITIOUS DEFENDANTS A-Z, and the CITY OF MOBILE in an amount in excess of Five Million ($5,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### COUNT VI
### FELONIOUS INJURY – AL Code 6-5-370

62. As demonstrated in the statement of facts, the conduct of FICTITIOUS DEFENDANTS A-Z caused the Plaintiffs injury to person and property. Plaintiffs were subjected to excessive force without cause, were punched, thrown, slammed, stomped, and threatened with worse.

63. FICTITIOUS DEFENDANTS A-Z took permanent and wrongful possession of several personal property articles which they did not acknowledge or return.

64. The removal of the security footage removed any evidence of the felonious conduct inflicted upon the Plaintiffs by the Defendants.

65. FICTITIOUS DEFENDANTS A-Z's acts amounted to Felony Murder (wrongful death), Robbery 1st (Conversion), Kidnapping (Unlawful arrest) and Assault 2nd (Excessive Force).

66. The acts and omissions of FICTITIOUS DEFENDANTS A-Z were taken within the scope of their employment by the City of Mobile Police Department.

WHEREFORE, the Plaintiffs, TREYH WEBSTER, TAHLIK WEBSTER, TAHJI WEBSTER, TYHRE WEBSTER, MINOR CHILD M.D. and GEORGETTE SONS , seeks judgment against FICTITIOUS DEFENDANTS A-Z and the CITY OF MOBILE in an amount in excess of Five Million ($5,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## REQUESTS FOR RELIEF (STATE)

For the reasons described in this Complaint, Plaintiffs demand judgment against Defendants and other specific relief including:

a.  Compensatory damages, including compensation for physical injuries and mental, psychological and emotional distress.

b.  Punitive and exemplary damages against Defendants jointly and severally in an amount in excess of Five Million ($5,000,000) Dollars.

c.  Attorneys' fees and costs of suit against Defendants jointly and severally.

d.  All other relief to which Plaintiff is entitled.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted this *3rd* day of February, 2023.

_Tahji Webster_
TAHJI WEBSTER

**STATE OF ALABAMA**
**COUNTY OF MOBILE**

I, the undersigned Notary Public, in and for said State and County, hereby certifies that TAHJI WEBSTER, whose name is signed to the foregoing Complaint, and who is known to me, acknowledged before me on this date that, being informed of the contents of said pleading, executed the same voluntarily on the day the same bears date.

Given under my hand and seal this *3rd* day of February 2023.



_Ernesto Urena-Rodriguez III_
NOTARY PUBLIC
My Commission Expires: August 10th, 2026

/s/ Christine Hernandez
Christine Hernandez (Bar #8252164H)
/s/ James Adam Muns
James Adam Muns (Bar #1785N23)
/s/ ChaLea Tisdale
ChaLea Tisdale (Bar# 9065A62T)
The Hernandez & Associates Firm, LLC
Attorneys for Plaintiff
PO BOX 66174
MOBILE, AL 36660-1174
(251)479-1477 OFFICE
(251)650-3843 FAX
Christine@equalizingjustice.com
James@equalizingjustice.com
ChaLea@equalizingjustice.com

Of Counsel:
The Hernandez & Associates Firm, LLC
Attorney for Plaintiff
PO BOX 66174
MOBILE, AL 36660-1174
251)479-1477 OFFICE
 (251)650-3843 FAX
Christine@equalizingjustice.com